David A. Tashroudian  [Cal. Bar No. 266718]
david@tashlawgroup.com
Mona Tashroudian  [Cal. Bar No. 272387]
mona@tashlawgroup.com
TASHROUDIAN LAW GROUP, APC
5900 Canoga Ave., Suite 250
Woodland Hills, California 91367
Telephone:    (818) 561-7381
Facsimile:    (818) 561-7381

*Local Counsel for Plaintiff*

KENNEDY HODGES, LLP (pending admission *pro hac vice*)
Don Foty  [TX Bar No. 24050022]
dfoty@kennedyhodges.com
4409 Montrose Blvd., Suite 200
Houston, Texas 77006
Telephone:   (713) 523-0001
Facsimile:   (713) 523-1116

*Counsel for Plaintiff*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACQUELINE SLOAN, on behalf of herself and on behalf of all others similarly situated; <br><br> Plaintiff, <br><br> v. <br><br> KINECTA ALTERNATIVE FINANCIAL SOLUTIONS, INC.; <br><br> Defendant. | Case No. 2:17-CV-04490 <br><br> CLASS AND COLLECTIVE ACTION <br><br> COMPLAINT FOR DAMAGES, RESTITUTION, AND INJUNCTIVE RELIEF <br><br> 1. Violation of Fair Labor Standards Act, 29 U.S.C. § 207 <br><br> 2. Violation of California *Labor Code* §§ 510, 1194, and 1198, and IWC Wage Order(s) <br><br> 3. Failure to Provide and/or Authorize Meal and Rest Periods (Cal. Labor Code §§ 512, 226.7, IWC Wage Order(s)) |

1

4. Failure To Pay All Wages Upon Termination (Cal. Labor Code §§ 201, 202, 203 and 256)

5. Failure to Provide Itemized Wages Statements (Cal. Labor Code § 226)

6. Violation of California *Business & Professions Code* § 17200, *et seq.*

DEMAND FOR JURY TRIAL

## I.   INTRODUCTION

1.     This is a collective and class action brought by Individual and Representative Plaintiff Jacqueline Sloan on behalf of herself and on behalf of the proposed Fair Labor Standards Act ("FLSA") FLSA Class and California Class identified below.  Plaintiff and the putative class members were or are employed by Defendant Kinecta Alternative Financial Solutions, Inc. ("Defendant") as Appraisers (and all other positions with similar duties) (hereinafter, "Appraisers").

2.     As Appraisers, Plaintiff and the putative class members are and were non-exempt employees under federal and state wage and hour laws, and should have been so classified and received overtime pay consistent with the requirements of those laws.  However, Defendant classifies its Appraisers as exempt.  These employees are similarly situated under Federal Rule of Civil Procedure 23 and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

3.     The FLSA Class is comprised of all individuals who are or have been employed by Defendant as an Appraiser in the United States within three years of the filing of the Complaint through the final disposition of this action (the "FLSA Class Period").

2

4.     The California Class is comprised of all individuals who are or have been employed by Defendant as an Appraiser in California within four years of the filing of the Complaint through the final disposition of this action (the "California Class Period").

5.     During the FLSA Class Period and the California Class Period, Defendant failed to pay overtime compensation to each member of the FLSA Class and California Class as required by federal and state law.  Plaintiff seeks relief for the California Class pursuant to applicable state law, rules, regulations, and Wage Orders of the Industrial Welfare Commission ("IWC").  The relief sought is to remedy the Defendant's failure to:  pay appropriate overtime compensation, provide or authorize meal and rest periods, and failure to maintain accurate time records, in addition to restitution and injunctive relief.

## II.     JURISDICTION

6.     This Court has jurisdiction over the subject matter of this action under 29 U.S.C. 216(b) and 28 U.S.C. §§ 1331 and 1367.

## III.     VENUE

7.     Venue is proper in the Central District of California because a substantial portion of the events forming the basis of this suit occurred in the Central District of California.

## IV.     PARTIES AND PERSONAL JURISDICTION

8.     Plaintiff Jacqueline Sloan is an individual residing in Los Angeles County, California.  Plaintiff's written consent to this action is attached as Exhibit A to this Complaint.

9.     The FLSA Class Members are all individuals who are or have been employed by Defendant as an Appraiser in the United States within three years of the filing of the Complaint through the final disposition of this action.

10.     The Rule 23 California Class Members are all individuals who are or have been employed by Defendant as an Appraiser in California within four years

COMPLAINT

of the filing of the Complaint through the final disposition of this action.   The FLSA Class Members and Rule 23 Class Members are collectively referred to as "Class Members."

11.   Defendant Kinecta Alternative Financial Solutions, Inc. is a California Corporation with its principal place of business in Manhattan Beach, California. Defendant can be served with process by serving its registered agent, Maryln Braceros at 1440 Rosecrans Avenue, Manhattan Beach, California 90266.

12.   This Court has personal jurisdiction over Defendant because it operates within Los Angeles County, California as well as the surrounding counties.   It maintains offices in Los Angeles County, California.   It also employs dozens of California citizens.

## V.    FLSA COVERAGE

13.   At all material times, Defendant has been an employer within the meaning of section 3(d) of the FLSA.   29 U.S.C. § 203(d).

14.   At all material times, Defendant has been an enterprise within the meaning of section 3(r) of the FLSA.   29 U.S.C. § 203(r).

15.   At all material times, Defendant has been an enterprise or enterprise in commerce or in the production of goods for commerce within the meaning of section 3(s)(1) of the FLSA because Defendant has had and continues to have employees engaged in commerce.   29 U.S.C. § 203(s)(1).

16.   At all material times, Defendant has had an annual gross business volume of not less than $500,000.

## VI.    FACTS

17.   Defendant is a federal credit union that provides loans, mortgages, and refinancing options to customers.   In addition, Defendant performs residential and commercial real estate property valuations and appraisals in conjunction with the purchase and refinancing of loans.

COMPLAINT

18.     To perform these property valuation services, Defendant employs Appraisers.   Appraisers perform their work using a standardized form, such as Fannie Mae Form 1004 Uniform Residential Appraisal Report.   Appraisers provide pictures of the property in question, do a generalized search for the value of comparable properties, and complete this pre-established form and checklist.

19.     For their labor, Defendant pays its Appraisers a salary.   However, Defendant does not pay its Appraisers overtime pay.   That is because Defendant has classified its Appraisers as exempt from overtime.

20.     Defendant also did not require its Appraisers to "clock in" or "clock out" and did not keep records showing the number of hours worked per day or per week.

21.     Plaintiff was employed by Defendant from approximately December 2010 to April 2016.

22.     During her employment with Defendant, Plaintiff worked a schedule that was Monday through Friday, for a minimum of 10 hours per day.   Thus, she worked overtime hours (more than 40) each week she worked with Defendant.

23.     Despite frequently working more than more than 8 hours per day and working more than 40 hours a week, Defendant failed to pay Plaintiff for any of her overtime that was worked.

24.     Defendant also did not pay the Class Members overtime.

25.     That is because Defendant classified the Plaintiff and Class Members as exempt from overtime pay.

26.     **Plaintiff and the Class Members exclusively performed non-exempt duties.**

27.     Appraisers do not perform sales.   They do not generate new loan business for Defendant.   Instead, they conduct appraisals of properties as such appraisals are assigned to them by Defendant.   They do not decide whether and how to do their jobs, and have little, if any, discretion over scheduling their work tasks.

COMPLAINT

28. Appraisers are line employees, not supervisors. They have no ability to hire or fire and do not supervise other employees.

29. The primary duty of Appraisers consists of routine work, dictated by detailed guidelines promulgated and enforced by Defendant. Appraisers are required to follow a detailed checklist and retrieve or verify the required data for each appraisal. They have very little discretion with respect to the manner in which they perform their work.

30. The reports created by the Appraisers are on forms provided by Defendant. Appraisers are trained to apply Defendant's pre-established guidelines and procedures to complete these forms. They are required to fill in the boxes on these forms with information dictated by Defendant, using data obtained from electronic databases made available by Defendant. Compliance with these procedures and guidelines removes any exercise of independent judgment and discretion.

31. Furthermore, as an appraisal company, the appraisals generated by Defendant's Appraisers are the very product Defendant produces and sells to its customers. Accordingly, the Appraisers produce the service offered by Defendant and are not administrative employees. Their work does not involve nor is it related to the management of Defendant's business.

32. Appraisers are also not "learned professionals" as defined by the FLSA. Appraisal work does not require advanced knowledge acquired through a prolong course of specialized intellectual instruction.

33. Appraisers do not have input into Defendant's business strategy or business decisions. Appraisers do not have any role in financial or marketing decisions. Appraisers do not have any role in formulating Defendant's policies or procedures.

34. Plaintiff's and the Class Members' duties do not require the exercise of independent judgment or discretion. Plaintiff and the Class Members have been

COMPLAINT

severely cordoned by Defendant from any decision-making authority and none in matters of significance.

35.    Defendant's conduct, as set forth herein, was willful and in bad faith, and has caused significant damages to Plaintiff and the Class Members.  Defendant knew of the requirements to pay overtime or recklessly chose to disregard it.  Defendant is a large company that pays overtime to some of its employees.  However, it refused to pay the Plaintiff and Class Members overtime pay.

36.    Under virtually identical facts, Judge Carter of the Central District of California determined that Appraisers are non-exempt employees in *Boyd v. Bank of America Corp.*, 109 F. Supp. 3d 1273 (C.D. Cal. 2015).  That opinion addressed both the administrative and professional exemptions under both the FLSA and California law and found both to be inapplicable to Appraisers.

37.    Despite the clarify of this opinion, Defendant continued to misclassify the Plaintiff and Class Members as exempt from overtime pay.

## VII.   COLLECTIVE ACTION ALLEGATIONS

38.    Plaintiff has actual knowledge that the FLSA Class Members have also been denied overtime pay for hours worked over forty (40) per workweek as well.  Plaintiff worked with and communicated with other Appraisers, and as such, has personal knowledge of their existence, status as Defendant's employees, salary compensation scheme, and the overtime violations.

39.    Other employees similarly situated to Plaintiff worked for Defendant in a similar capacity and were not paid overtime at the rate of one and one-half their regular rate when those hours exceeded forty (40) hours per workweek.   Other employees similarly situated to Plaintiff worked for Defendant in a similar capacity and were not reimbursed for expenses such as gas and use of their vehicle.

40.    Defendant has employed numerous other Appraisers during the last three years who were paid a salary without overtime.

COMPLAINT

41. Such workers worked more than 40 hours per week during at least one week in the last three years.

42. Although Defendant permitted and/or required the FLSA Class Members to work in excess of forty (40) hours per workweek, Defendant has denied them any compensation for their hours worked over forty (40).

43. FLSA Class Members perform or have performed the same or similar work as Plaintiff.

44. FLSA Class Members regularly work or have worked in excess of forty (40) hours each workweek.

45. The policy of illegally classifying the Appraisers as exempt in violation of the FLSA is universal across the defined FLSA Class and forms the basis of the overtime violation.

46. FLSA Class Members are not exempt from receiving overtime pay under the FLSA.

47. As such, FLSA Class Members are similar to Plaintiff in terms of pay structure, job duties, and/or the denial of overtime.

48. Defendant's failure to pay overtime compensation at the rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of the FLSA Class Members.

49. The experiences of Plaintiff, with respect to her pay, are typical of the experiences of the FLSA Class Members.

50. The specific job titles or precise job responsibilities of each FLSA Class Member does not prevent collective treatment.

51. All FLSA Class Members, irrespective of their particular job requirements, are entitled to overtime compensation at the rate of time and a half for hours worked in excess of forty (40) during a workweek.

52. Although the exact amount of damages may vary among FLSA Class Members, the damages for the FLSA Class Members can be easily calculated by a

COMPLAINT

simple formula.   The claims of all FLSA Class Members arise from a common nucleus of facts.   Liability is based on a systematic course of wrongful conduct by the Defendant that caused harm to all FLSA Class Members.

53.   As such, the "FLSA Class" of similarly situated Plaintiffs is properly defined as follows:

> The FLSA Class Members are all current and former Appraisers employed by Defendant in the United States during the three year period to filing this Complaint through the present.

## VIII. CALIFORNIA CLASS ALLEGATIONS

54.   Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the "California Class," which is comprised of:

> All current and former Appraisers employed by Defendant in California at any time during the four year period prior to the filing of this Complaint through the present.

55.   <u>Numerosity</u>.   The number of members in the California Class is believed to exceed forty.  This volume makes bringing the claims of each individual member of the class before this Court impracticable.   Likewise, joining each individual member of the California Class as a plaintiff in this action is impracticable.   Furthermore, the identity of the members of the California Class will be determined from Defendant's records, as will the compensation paid to each of them.  As such, a class action is a reasonable and practical means of resolving these claims.  To require individual actions would prejudice the California Class and Defendant.

56.   <u>Typicality</u>.   Plaintiff's claims are typical of the California Class because like the members of the California Class, Plaintiff was subject to

COMPLAINT

Defendant's uniform policies and practices and was compensated in the same manner as others in the California Class.   Defendant failed to pay non-exempt Appraisers overtime compensation for all of their hours worked, including overtime hours.   All members of the California Class worked substantially more than eight (8) hours in a day and forty (40) hours in a week as non-exempt employees but were uniformly classified as exempt and denied overtime.   Plaintiff and the California Class have been uncompensated and/or under-compensated as a result of Defendant's common policies and practices which failed to comply with California law.

57.   Adequacy.   Plaintiff is a representative party who will fairly and adequately protect the interests of the California Class because it is in his interest to effectively prosecute the claims herein alleged in order to obtain the unpaid wages and penalties required under California law.   Plaintiff has retained attorneys who are competent in both class actions and wage and hour litigation.   Plaintiff does not have any interest which may be contrary to or in conflict with the claims of the California Class he seeks to represent.

58.   Commonality.   Common issues of fact and law predominate over any individual questions in this matter.   The common issues of fact include, but are not limited to:

        a.   Whether Plaintiff and the California Class worked more than eight (8) hours in a day and/or worked more than forty (40) hours in a workweek;

        b.   Whether Defendant failed to pay Plaintiff and the California Class overtime wages for all hours worked over eight (8) hours in a day and/or forty (40) hours in a workweek;

        c.   Whether Defendant failed to pay Plaintiff and the California Class all of their wages earned and due upon the termination of their employment; and

COMPLAINT

d.  Whether Defendant failed to provide or authorize meal periods and rest periods for Plaintiff and the California Class.

59.  The common issues of law include, but are not limited to:

a.  Whether Defendant can claim an exemption for Plaintiff and the California Class;

b.  Whether Plaintiff and the members of the California Class, who are no longer employed by Defendant, are entitled to waiting time penalties for Defendant's failure to pay all of their wages upon termination of their employment;

c.  Whether Defendant's policies and practices provide and authorize meal and rest periods in compliance with California law;

d.  Whether Plaintiff and the California Class are entitled to compensatory damages;

e.  The proper measure of damages sustained by Plaintiff and the California Class; and

f.  Whether Defendant's actions were "willful."

60.  Superiority.  A class action is superior to other available means for the fair and efficient adjudication of this lawsuit.  Even in the event any member of the California Class could afford to pursue individual litigation against a company the size of Defendant, doing so would unduly burden the court system.  Individual litigation would magnify the delay and expense to all parties and flood the court system with duplicative lawsuits.  Prosecution of separate actions by individual members of the California Class would create the risk of inconsistent or varying judicial results and establish incompatible standards of conduct for Defendant.

61.  A class action, by contrast, presents far fewer management difficulties and affords the benefits of uniform adjudication of the claims, financial economy for the parties, and comprehensive supervision by a single court.  By concentrating this litigation in one forum, judicial economy and parity among the claims of

COMPLAINT

individual California Class Members are promoted.  Additionally, class treatment in this matter will provide for judicial consistency.  Notice of the pendency and any resolution of this action can be provided to the California Class by mail, electronic mail, print, broadcast, internet and/or multimedia publication.  The identity of members of the California Class is readily identifiable from Defendant's records.

62.    This type of case is well-suited for class action treatment because: (1) Defendant's practices, policies, and/or procedures were uniform; (2) the burden is on Defendant to prove it properly compensated its employees including any potential exemptions that might apply; and (3) the burden is on Defendant to accurately record hours worked by employees and meal periods taken.  Ultimately, a class action is a superior form to resolve the California claims detailed herein because of the common nucleus of operative facts centered on the continued failure of Defendant to pay Plaintiff and the California Class according to applicable California laws.

## IX.   CAUSES OF ACTION

### First Claim for Relief

Failure To Pay Overtime

(Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.)

On Behalf of Plaintiff and the FLSA Class

63.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

64.    At all relevant times, Defendant has been, and continues to be, an "employer" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.  At all relevant times, Defendant has employed and continues to employ, employees, including Plaintiff and the FLSA Class.  At all relevant times, upon information and belief, Defendant has had gross operating revenues in excess of $500,000.

COMPLAINT

65.     The FLSA requires each covered employer such as Defendant to compensate all non-exempt employees at a rate of not less than one-and-a-half times their regular rate of pay for work performed in excess of forty (40) hours in a workweek.

66.     Plaintiff and the FLSA Class were entitled to be paid overtime compensation for all overtime hours worked at the rate of one and one-half times their regular rate of pay.

67.     At all relevant times, Defendant required Plaintiff and the FLSA Class to work in excess of forty (40) hours per workweek.  Despite the hours worked by them, Defendant willfully, in bad faith, and in knowing violation of the FLSA, failed and refused to pay Plaintiff and the FLSA Class the appropriate overtime wages for all compensable time worked in excess of forty (40) hours per workweek. By failing to compensate Plaintiff and the FLSA Class at a rate of not less than one-and-a-half times the regular rate of pay for work performed in excess of forty (40) hours in a workweek, Defendant has violated the FLSA, 29 U.S.C. § 201 *et seq.*, including 29 U.S.C. § 207(a)(1).

68.     By failing to accurately record, report, and/or preserve records of hours worked by Plaintiff and the FLSA Class, Defendant has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201 *et seq.*, including 29 U.S.C. § 211(c).

69.     Plaintiff, on behalf of herself and the FLSA Class, seeks recovery of their damages, unpaid wages and unpaid overtime pay.

70.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

71.     Plaintiff, on behalf of herself and the FLSA Class, seeks recovery of her attorneys' fees and costs to be paid by Defendant, as provided for by 29 U.S.C. § 216(b).

COMPLAINT

72.     Plaintiff, on behalf of herself and the FLSA Class, seeks recovery of liquidated damages.

73.     As a result of Defendant's willful and unlawful failure to pay Plaintiff all of her earned overtime wages, Plaintiff is entitled to recover her unpaid overtime wages, costs and reasonable attorneys' fees, and the relief requested below in the Prayer for Relief.   Plaintiff, on behalf of herself and the FLSA Class, seeks damages in the amount of their respective unpaid overtime compensation, liquidated damages from three years immediately preceding the filing of this action, plus interest and costs as allowed by law, pursuant to 29 U.S.C. §§ 216(b) and 255(a), and such other legal and equitable relief as the Court deems just and proper.

## Second Claim for Relief

Failure To Pay Overtime

(California *Labor Code* §§ 510 and 1194)

On Behalf of Plaintiff and the California Class

74.     Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

75.     At all relevant times, Defendant was required to compensate its non-exempt employees for all hours worked.   Since at least four years prior to this lawsuit being filed to the present, Defendant was required to compensate all its Appraisers for all overtime worked, at one-and-a-half times their regular rates of pay for hours worked in excess of eight (8) hours per day or forty (40) hours per workweek, and double-time for hours worked in excess of twelve (12) hours per day.   Defendant was also required to pay one-and-a-half times the regular rate for the first eight (8) hours worked on the seventh day of a workweek.

76.     Defendant routinely required Plaintiff and the California Class to work in excess of eight (8) hours per day or forty (40) hours per workweek and occasionally work on the weekend.   Despite the provisions of California's overtime law, Defendant has willfully failed and refused to pay the California Class,

COMPLAINT

including Plaintiff, overtime wages for any of the overtime hours they worked since four years prior to this lawsuit being filed.

77.     The California Class, including Plaintiff, has been deprived of their rightfully earned overtime wages as a direct and proximate result of Defendant's failure and refusal to pay such compensation.

78.     Defendant's conduct violates California *Labor* Code §§ 510 and 1194. Therefore, pursuant to California *Labor Code* section 1194, the California Class, including Plaintiff, are entitled to recover, and seek to recover, damages for the nonpayment of overtime wages for all overtime hours worked in excess of eight (8) hours per day, in excess of forty (40) hours per workweek, for the first eight (8) hours worked on the seventh day of a workweek, and double-time pay for the hours worked in excess of twelve (12) in a day in addition to interest on such amounts pursuant to California *Labor Code* section 1194, plus reasonable attorneys' fees and costs of suit, and the relief requested below in the Prayer for Relief.

**Third Claim for Relief**

Failure to Provide Meal and Rest Periods

(California *Labor Code* §§ 226.7 and 512 *et seq*.)

On Behalf of Plaintiff and the California Class

79.     Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

80.     The California *Labor Code* requires employers to provide a 30-minute net meal period if the employee works more than five hours per day. *See* Cal. Lab. Code § 512.  The California *Labor Code* also requires employers to provide a 10-minute net rest period for each four-hour period worked, or major fraction thereof.

81.     Defendant violated the meal and rest period laws by forcing Plaintiff and the members of the California Class to work through long hours without the required meal and rest periods.

COMPLAINT

82.     Plaintiff and the members of the California Class sue for all damages allowed under the law including payment of one additional hour of pay at the employees' regular rate of pay for each such violation.  *See* Cal. Lab. Code § 226.7.

### Fourth Claim for Relief

Failure To Pay All Wages Upon Termination

(California *Labor Code* §§ 201, 202, 203 and 256)

On Behalf of Plaintiff and the California Class

83.     Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

84.     California *Labor Code* section 201 provides that any discharged employee is entitled to all wages due at the time of discharge.

85.     Where an employer willfully fails to pay discharged or resigning employees all wages due as required under the California *Labor Code*, the employer is liable to such employees under California *Labor Code* section 203 for waiting time penalties in the amount of one (1) day's compensation at the employees' regular rate of pay for each day the wages are withheld, up to thirty (30) days.

86.     During all relevant times, Defendant knowingly and willfully violated California *Labor Code* sections 201 and 202 by failing to pay Plaintiff and members of the California Class who are no longer employed by Defendant all wages owed as alleged herein.   Defendant is therefore liable to Plaintiff and members of the California Class who are no longer employed by Defendant for waiting time penalties as required by California *Labor Code* section 203.

87.     Plaintiff, individually and on behalf of the members of the California Class who are no longer employed by Defendant, respectfully request that the Court award all waiting time penalties due, and the relief requested below in the Prayer for Relief.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Fifth Claim for Relief**

Failure to Furnish Wage Statements

(California *Labor Code* § 226)

On Behalf of Plaintiff and the California Class

88.   Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

89.   Defendant knowingly and intentionally failed to furnish and continue to fail to furnish Plaintiff and each California Class member with timely, itemized statements that accurately reflect – among other things – the total number of hours worked and wages earned, as mandated by the California *Labor Code* section 226(a), which requires employers, semi-monthly or at the time of each payment of wages, to furnish each employee with a statement that accurately reflects the total number of hours worked.

90.   As a result, Defendant is liable to Plaintiff and each of the California Class Members for the amounts provided by California *Labor Code* section 226(e): the greater of actual damages or fifty dollars ($50) for the initial violation and one hundred dollars ($100) for each subsequent violation, up to four thousand dollars ($4000).

91.   Plaintiff and the California Class are also entitled to reasonable attorneys' fees and costs pursuant to California *Labor Code* section 226(e).

**Sixth Claim for Relief**

Unlawful and/or Unfair Competition Law Violations

(California *Business & Professions Code* § 17200 *et seq*.)

On Behalf of Plaintiff and the California Class

92.   Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

COMPLAINT

93.     California *Business & Professions Code* sections 17200 *et seq.* prohibit unfair competition in the form of any unlawful, unfair, deceptive, or fraudulent business practices.

94.     Plaintiff brings this cause of action individually and as a representative of all others subject to Defendant's unlawful acts and practices.

95.     During all relevant times, Defendant committed unlawful, unfair, deceptive, and/or fraudulent acts as defined by California *Business & Professions Code* section 17200.  Defendant's unlawful, unfair, deceptive, and/or fraudulent business practices include, without limitation, failing to pay overtime wages, failing to pay minimum wages, failing to provide and authorize mandated meal and rest periods, failure to reimburse travel expenses, and failing to pay all wages upon termination in violation of California law.

96.     As a result of this unlawful and/or unfair and/or fraudulent business practice, Defendant reaped unfair benefits and illegal profits at the expense of Plaintiff and the California Class.  Defendant must disgorge these ill-gotten gains and restore to Plaintiff and the California Class all wrongfully non-reimbursed expenses and withheld wages, including, but not limited to minimum wages and overtime compensation.

97.     Plaintiff, individually and on behalf of the members of the California Class, respectfully requests that judgment be awarded in their favor to provide restitution and interest, and the relief requested below in the Prayer for Relief.

**PRAYER FOR RELIEF**

Plaintiff, on behalf of herself and all of the FLSA Class Members and the California Class Members, pray for relief as follows:

1.     Certifying that this action may proceed as a collective action and class action;

2.     Declaring that Defendant's policies and/or practices of failing to pay overtime wages, to provide and authorize meal and rest periods, to

provide proper wage statements, and to pay all wages earned upon termination of employment to the California Class violate California law;

3.  Declaring that Defendant's above-mentioned policies and/or practices violate California Business and Professions Code § 17200 *et seq.*;

4.  Preliminary, permanent, mandatory injunctive relief prohibiting Defendant, its officers, agents, and all those acting in concert with it, from committing in the future those violations of law herein alleged;

5.  Declaring that Defendant's policies and/or practices of failing to pay overtime wages to the FLSA Class Members violates the FLSA;

6.  Awarding damages, liquidated damages, restitution, and/or statutory penalties to be paid by Defendant for the causes of action alleged herein;

7.  Awarding interest for damages related to reimbursement of necessary expenditures pursuant to California Labor Code § 2802(b).

8.  Awarding costs and expenses, including reasonable attorneys' fees and expert fees, pursuant to 29 U.S.C. § 216, California Labor Code § 1194, California Labor Code § 2802(c), California Code of Civil Procedure § 1021.5, or as otherwise permitted by law; and

///
///
///
///
///
///
///
///
///

19

COMPLAINT

9.     Ordering such other and further legal and equitable relief the Court deems just, necessary and proper.

Respectfully submitted,

Dated:  June 16, 2017                      TASHROUDIAN LAW GROUP, APC

By:  /s/ *David A. Tashroudian*
David Tashroudian
Mona Tashroudian
Attorneys for Plaintiff and the
Putative Class

Dated:  June 16, 2017                      KENNEDY HODGES, LLP

By:  /s/ *Don Foty*
Don Foty
(pending admission *pro hac vice*)
Attorneys for Plaintiff and the
Putative Class

20                                    COMPLAINT

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff, on behalf of herself and all others similarly situated respectfully demands a trial by jury.

Respectfully submitted,

Dated:  June 16, 2017                    TASHROUDIAN LAW GROUP, APC


By:  /s/ *David A. Tashroudian*
                                                   David A. Tashroudian
                                                   Mona Tashroudian
                                                   Attorneys for Plaintiff and the
                                                   Putative Class


Dated:  June 16, 2017                    KENNEDY HODGES, LLP


By:  /s/ *Don Foty*
                                                   Don Foty
                                                   (pending admission *pro hac vice*)
                                                   Attorneys for Plaintiff and the
                                                   Putative Class

COMPLAINT

EXHIBIT A

## CONSENT TO JOIN COLLECTIVE ACTION AND BE
## REPRESENTED BY KENNEDY HODGES, LLP

- I, Jacqueline Sloan (print name), consent and agree to pursue my claims for unpaid overtime and/or minimum wage through a lawsuit brought under the Fair Labor Standards Act and any state wage and hour law.

- I intend to pursue my claim individually, unless and until the court certifies this case as a collective or class action. I agree to serve as the class representative if I am selected by counsel.

- If I am not the class representative, I authorize the named Plaintiff to file and prosecute my claim for unpaid wages in my name, and on my behalf, and designate the named Plaintiff to make decisions on my behalf concerning the litigation, including negotiating a resolution of my claims, entering into an agreement with the lawyers in this case, and I understand I will be bound be such decisions.

- I agree to be represented by Kennedy Hodges, LLP.

- If my consent form is stricken or if I am for any reason not allowed to participate in this case, I authorize Plaintiff's counsel to use this Consent Form to re-file my claims in a separate or related action against my employer.

Date 10/21/2016                Signature  *Jacqueline Sloan*